IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSAMUND A. WOLFGRAMM,<br>　　　　　　　　　　Plaintiff,<br>v.<br>COMMUNICATION WORKERS OF<br>AMERICA LOCAL 13301, et al.,<br>　　　　　　　　　　Defendants. | CIVIL ACTION NO. 19-3701 |

MEMORANDUM OPINION

**Rufe, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 10, 2021**

　　　　Plaintiff Rosamund Wolfgramm filed this action under Title VII and the Americans with Disabilities Act ("ADA") against Defendants American Airlines, Inc. ("AA"), Communications Workers of America District 2-13 and Communications Workers of America Local 13301 (collectively, "CWA"), and WorkforceQA. Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In particular, AA and WorkforceQA move to dismiss Plaintiff's claims under Title VII and the ADA as untimely. In response, Plaintiff seeks leave to file an amended complaint. For the reasons stated below, the Court will grant the motions to dismiss as to the claims that are time-barred, and will permit Plaintiff to file an amended complaint as to the remaining claims.

**I.　　BACKGROUND**

　　　　The following facts are assumed true for purposes of the motions to dismiss. Plaintiff worked as a customer service representative for AA for more than 20 years.[1] During this time,

---

[1] Consolidated Compl. ¶¶11, 12, 18, 54, 81, 99, 118, 124, 137. AA is a national airline, which operates a worldwide flight hub in Philadelphia.

she was a member of the CWA, which negotiated a Collective Bargaining Agreement ("CBA") with AA. Her employment ended in September 2017 after a positive drug test performed by WorkforceQA on behalf of AA.[2] Plaintiff alleges unfair and discriminatory treatment based on age, gender, national origin, and disability under Title VII, the ADA, 42 U.S.C. § 1981, and state law, as well as claims that the CWA breached its duty of fair representation, claims of retaliation for filing an internal discrimination complaint with AA, and claims of negligence.

On January 16, 2018, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRA"), alleging that AA and the CWA discriminated against her based on her race, age, national origin, and disability and retaliated against her.[3] Plaintiff's consolidated complaint alleges that she received her notice of right to sue letter from the EEOC on these charges on June 1, 2018.[4] However, the right to sue letter in the record is dated October 19, 2018.[5] As best the Court can determine, the June 1, 2018 date relates only to Plaintiff's receipt of her right to sue letter pertaining to claims against the CWA and the October 19, 2018 date relates only to the mailing date of her right to sue letter pertaining to claims against AA and WorkforceQA.[6]

---

[2] WorkforceQA is a private company that contracted with AA to perform "Drug and Alcohol Testing," "Physical Occupational Testing," "Background Screening," "Training and Compliance" and "Mobile and On-Site Collections."

[3] Consolidated Compl. ¶61; Charge of Discrimination [Doc. No. 56] at Ex. 1. Plaintiff also brings a Title VII claim against WorkforceQA, the medical services company who contracted with AA to supply AA's employees medical services and drug testing.

[4] Consolidated Compl. ¶¶72–79.

[5] The actual notice was filed as an exhibit attached to AA's motion to dismiss. Notice of Right to Sue [Doc. No. 56] at Ex. 2.

[6] Although it is very unclear from the current pleadings, the June 1, 2018 receipt date was only included in the complaint filed against the CWA. This date was not included in the initial complaint filed against AA and

2

Plaintiff filed the August 30, 2018 action against the CWA in the District of New Jersey,[7] and the case was then transferred to this District, as Plaintiff was employed at Philadelphia International Airport.[8] In September of 2018, Plaintiff filed a separate state court action against AA and WorkforceQA in the Philadelphia Court of Common Pleas,[9] which was removed to this Court.[10] On April 8, 2020, the Court directed Plaintiff to consolidate her claims against all Defendants into a single Complaint,[11] and on May 7, 2020, the cases were consolidated under Civil Action No. 19-3701.[12]

The procedural confusion may be due to the fact that Plaintiff has already been represented by multiple attorneys. Plaintiff's attorney in the New Jersey case was Cheryl Cooper.[13] After the case was transferred, Cooper was determined to be unable to represent Plaintiff both for medical reasons and because she was not licensed to practice law in Pennsylvania. Attorney Felix P. Gonzalez then entered an appearance in the federal court action and also filed the state court action against AA and WorkforceQA. Attorney Gonzalez also filed the current consolidated complaint. However, following the filing of this complaint, Gonzalez filed a motion to withdraw, which the Court granted, and Plaintiff then retained Clifford E.

---

WorkforceQA. The Court will therefore construe the right to sue notice for claims against the CWA as being received on June 1, 2018 and the right to sue notice for AA and WorkforceQA as being received three days after its mailing date of October 19, 2018.

[7] Docketed at Civil Action No. 18-13380.

[8] Docketed at Civil Action No. 19-3701.

[9] Docketed at Case No. 19-0901543.

[10] Docketed at Civil Action No. 20-1374.

[11] Doc. No. 44.

[12] Doc. No. 49.

[13] Plaintiff was also represented by Randy Catalano, another New Jersey attorney, in the New Jersey Case.

Haines, who has responded to Defendants' motions to dismiss and seeks leave to file an amended complaint.

II.     DISCUSSION

### A. Plaintiff's Title VII and ADA Discrimination Claims

A plaintiff must commence a lawsuit within 90 days after receiving a right to sue notice from the EEOC.[14] The 90-day filing period begins to run on receipt of the right to sue letter, not from the date on the notice,[15] and the Third Circuit has held that a claim filed even one day beyond this 90-day window is untimely and may be dismissed absent an equitable reason for disregarding this statutory requirement.[16] Additionally, when a complaint does not state the exact date the notice was received, courts should "presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it."[17]

---

[14] Under 42 U.S.C. § 2000e–5(f)(1), if the EEOC chooses not to pursue a discrimination cause of action based on a complaint, the EEOC is to "notify the person aggrieved and within ninety days after the giving of such a notice a civil action may be brought against the respondent named in the charge." This same provision is applicable to claimants under the ADA. 42 U.S.C. § 12117(a).

[15] *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982); *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 469–70 (3d Cir. 2001). Courts treat this filing requirement as a statute of limitations rather than a jurisdictional prerequisite to suit. *Burgh*, 251 F.3d at 469–70*; Figueroa v. Buccaneer Hotel Inc.,* 188 F.3d 172, 176 (3d Cir. 1999) (likening the requirement for bringing court action after receipt of right to sue letter to statute of limitations).

[16] *Figueroa*, 188 F.3d at 176 (citing *Mosel v. Hills Dep't Store, Inc.,* 789 F.2d 251, 253 (3d Cir. 1986)).

[17] *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999) (citing Fed. R. Civ. P. 6([d]); *Mosel v. Hills*, 789 F.2d at 253 n.2). Courts consistently use this three-day calculation to determine whether a claim is timely. *Edwards v. Bay State Mill. Co.*, 519 F. App'x 746, 749 (3d Cir. 2013) (affirming dismissal of plaintiff's Title VII race discrimination claim as untimely where plaintiff did not plead date of receipt but filed suit approximately six months after the presumed date of receipt of the Notice of Right to Sue); *Schonewolf v. Waste Mgmt., Inc.*, No. 17-3745, 2018 WL 1381133, at *3 (E.D. Pa. Mar. 19, 2018) (construing plaintiff's ADA and ADEA claims as untimely because plaintiff filed suit nearly six months after notice of right to sue was mailed); *Niculcea v. Stone Ridge Towne Ctr.*, No. 17-02096, 2019 WL 1338915, at *3 (M.D. Pa. Mar. 7, 2019), report and recommendation adopted, No. 17-2096, 2019 WL 1330362 (M.D. Pa. Mar. 25, 2019) (noting that "in the absence of other evidence, courts presume plaintiff received the letter three days after the EEOC mailed it," and declining to dismiss plaintiff's claims because *application of the three-day rule resulted in a timely filing*) (emphasis added).

Defendants AA and WorkforceQA assert that Plaintiffs claims are untimely because Plaintiff failed to file her Title VII and ADA claims within 90 days of receiving the EEOC right to sue notice.[18] Plaintiff argues these claims should not be dismissed because (1) the Court is unable to address the timeliness of Plaintiff's claims on a motion to dismiss; (2) the face of the complaint does not give rise to a statute of limitations defense because Plaintiff has not pled the exact date she received her notice of right to sue; and (3) equitable tolling can apply to extend the 90-day deadline.[19]

As noted above, there is confusion about when Plaintiff received her right to sue notice. For purposes of the present motions, the Court will apply the latest date: three days after the right to sue letter's mailing date of October 19, 2018.[20] Thus, the operative date is October 22, 2018, and Plaintiff had until January 20, 2019, to file claims under Title VII and the ADA. Plaintiff did not file her Title VII and ADA claims against AA and WorkforceQA until September 11, 2019, which is eight months past the 90-day deadline.[21]

---

[18] *See* AA Mot. to Dismiss [Doc. No. 56] at 4–5; WorkforceQA Mot. to Dismiss [Doc. No. 60] at 9 n.2.

[19] Pl.'s Resp. [Doc. No. 69] at 1–4.

[20] *See* AA Mot. to Dismiss [Doc. No. 56] at Ex. 1–2. The Court is permitted to rely on the notice of the right to sue from the EEOC even though the exact date of the receipt of this notice is not pled in the consolidated complaint because Plaintiff explicitly relies on that document to support her claims. *See Everett v. Maternal Child Consortium, LLC*, No. 18-746, 2018 WL 3374763, at *2 (E.D. Pa. July 10, 2018) ("Plaintiff's Complaint explicitly relies upon the Notice of the Right to Sue from the EEOC. Therefore, the EEOC Notice may be considered as well.").

[21] *See Wolfgramm v. American Airlines, et al*, Case No. 20-1374 (E.D. Pa) [Doc. No. 1] at 15. The Court notes that Wolfgramm filed a timely discrimination lawsuit under Title VII against the CWA, which was initially filed in the District of New Jersey. In that lawsuit, Plaintiff attempted to file a second amended complaint, without leave of court, and add AA and WorkforceQA to that litigation. Plaintiff acknowledges that this attempt to amend her complaint was for the purpose of filing a federal court action within the 90-day time frame allotted for claims against AA and Workforce. The court struck Plaintiff's second amended complaint finding that it was improperly filed because Rule 15(a) only provides a party to amend its pleading once as a matter of course. Doc. No. 12. Plaintiff made no attempt to amend her complaint further to include charges against AA and WorkforceQA until September 11, 2019, when she filed her state court action. Doc. No. 49. Plaintiff's attempt to amend her initial complaint in the litigation against CWA, which was stricken from the docket, cannot be regarded as evidence of a timely filing.

Plaintiff argues against dismissal, contending first that the Court is not permitted to dismiss her claims on timeliness grounds at the motion to dismiss stage.[22] This argument is without merit. Courts in this circuit have routinely dismissed discrimination claims based on a plaintiff's failure to file within 90 days after receiving a right to sue notice from the EEOC.[23]

Plaintiff next argues it would be inappropriate to dismiss these claims as untimely because the complaint does not specify the actual date she received her right to sue notice, and that date is unknown. However, the notice has a mailing date of October 19, 2018, the case law presumes that it was received three days later, and the burden is on Plaintiff to show that it was not. Especially in a case such as this one, where the delay is not one of days but of months, and where Plaintiff has not argued a later date applies, the claims must be dismissed as untimely.

Finally, Plaintiff argues that timing requirements relating to Title VII are "subject to equitable modifications, such as tolling."[24] But Plaintiff has failed to assert any extraordinary circumstances that would support equitable tolling in her case.[25] Indeed, Plaintiff acknowledges that "the Complaint does not speak to whether equitable tolling applies in this action," and has

---

[22] *See Oshiver v. Levin*, *Fishbein, Sedran & Berman*, 38 F.3d 1380, at n.1 (3d Cir. 1994).

[23] *See Rockmore v. Harrisburg Prop. Serv.*, 501 F. App'x 161, 164 (3d Cir. 2012) (affirming dismissal of Title VII claims for failure to file by the 90-day deadline and noting that "we are bound by the strict procedural requirements established by Congress, which 'are not to be disregarded by courts out of a vague sympathy for particular litigants.'") (quoting *Baldwin Cnty Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)); *Collins v. Univ. of Pennsylvania*, 35 F. App'x 352, 353 (3d Cir. 2002) (affirming dismissal of claims where plaintiffs filed their complaint more than 120 days after the EEOC issued the right to sue notices); *Washington-Morris v. Bucks Cnty. Transp., Inc.*, No. 17-3631, 2018 WL 2021081, at *7 (E.D. Pa. May 1, 2018) ("[B]arr[ing] [plaintiff] from filing suit about the discriminatory acts related to the first EEOC complaint because she did not file suit within 90 days of receiving her right-to-sue letter.").

[24] *Oshiver*, 38 F.3d at 1387. Although not an exclusive list, equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented form asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *Id.*

[25] *See Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005).

not argued any such circumstances apply.[26] The Court will dismiss Counts II, III, IV, and V of the consolidated complaint as they relate to Title VII and the ADA as untimely.[27]

### B. Leave to Amend

Plaintiff has also requested leave to amend the current complaint in response to Defendants' motions to dismiss because Plaintiff's current counsel did not draft the consolidated complaint. Plaintiff's new counsel contends that an amended complaint will add certain facts that will clarify Plaintiff's claims and may assist the Court in addressing Plaintiff's claims and the additional arguments Defendants have raised in their motions to dismiss. All three Defendants oppose Plaintiff's request.

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave" to amend a complaint "when justice so requires."[28] A court should "generally" grant leave to amend "unless equitable considerations render it otherwise unjust."[29] Denial of leave can be based on factors such as "undue delay, bad faith, and futility," and the court may also consider other equities "such as judicial economy/burden on the court."[30]

With regard to the claims dismissed as untimely, amendment would be futile. However, with regard to the merits of the other claims, because leave to amend should be freely given, and Plaintiff's current counsel has not had a chance to clarify the pleadings in this case, the Court

---

[26] Pl.'s Resp. [Doc. No. 69] at 4.

[27] The Court also dismisses without prejudice the PHRA claims that attach to Counts II, IV, and V of the consolidated complaint, with leave to amend. The CWA does not challenge the Title VII claim against it on timeliness grounds. The Court will not discuss the merits of this claim in this opinion and instead will defer ruling on this claim until after Plaintiff has an opportunity to file the amended complaint.

[28] Fed. R. Civ. P. 15(a)(2).

[29] *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

[30] *Id.*; *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017).

will grant Plaintiff leave to amend and file an amended complaint in accordance with this Order. Further, allowing Plaintiff to file an amended complaint and allowing Defendants to refile their motions based on the clarifications made therein would be in the interest of judicial economy.

### III.     CONCLUSION

For the reasons stated above, Plaintiff's Title VII and ADA claims against AA and WorkforceQA are dismissed as untimely and Plaintiff is granted leave to amend. An order will be entered.